AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>3215 W. Woodmen Road, Colorado Springs, CO, 80919,<br>more fully described in Attachment A, attached hereto. | )<br>)<br>)  Case No. 17-sw-05134-MEH<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ___Colorado___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A attached hereto and hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B attached hereto and hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before ___February 16, 2017___ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Michael E. Hegarty___ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    **1:39 pm, Feb 02, 2017**            *Michael E. Hegarty* (signature)
                                                                                    *Judge's signature*

City and state:    Denver, CO                                   Michael E. Hegarty, U.S. Magistrate Judge
                                                                                    *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The Subject Premises is located at 3215 W. Woodmen Road, Colorado Springs, CO 80919.  The Subject Premises is more particularly identified as a five bed, four bath, 5,401 square foot house.  The SUBJECT PREMISES is further described as a three-story home that is off white in color with a red tile roof.  The numbers "3215" appear above the garage door.  A photograph of the SUBJECT PREMISES appears below:



ATTACHMENT B

**DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

The following items, located within the residence at 3215 W. Woodmen Road, Colorado Springs, CO 80919 (the Subject Premises) that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1956-57 (Money Laundering) from July 2012 to the present, including the following:

1. Any records, documents, correspondence, or materials pertaining to Pablo M. Rivera's (Rivera) position as the Chief Financial Officer (CFO) with University of the Nations/Youth With a Mission (UON).

2. Any records, documents, correspondence, or materials pertaining to KJ Walk Inc., Westside Electric, Bolton Inc., Calvin's Plumbing, and Hawaii Lawn and Landscape.

3. Any records, documents, correspondence, or materials pertaining to Hawaii Human Resources, Inc.

4. Any financial and accounting records, documents, programs, evidence of wealth, applications, correspondence, or materials of financial institutions or money transmitters, including but not limited to, Bank of Hawaii, Central Pacific Bank, Wells Fargo, MoneyGram, Wedbush Securities, or their employees or affiliated associates, including but not limited to bank statements, balance sheets, bank reconciliations, income statements, tax records, tax payments, cost of goods sold records, credit card statements, checks, deposits, withdrawals, remittances, safety deposit box records and keys, transfers, electronic transfers of money, wires, and related correspondence, general ledger, sales ledger, cash receipts journal, cash disbursements journal, adjusting journal entries and evidence of cost of goods sold.

5. Address verification and establishment documents, escrow statements, deeds of trust, mortgage documents, grant deeds, rental and lease agreements and other documents showing dominion and control over real estate property (including in Hawaii County and in El Paso County, Colorado) as well as documents showing dominion and control over other residences, businesses and/or storage units. These documents would include but are not limited to rental and/or lease agreements, mortgage records, keys, and utility and telephone billing records.

6. Any records, documents, materials, or correspondence pertaining to diamonds, gold, and precious metals, including but not limited to the mining and sale of diamonds and gold.

7. Any records, documents, materials, receipts, or correspondence pertaining to Rebel Auction Co.

8. Any records, documents, materials, receipts, or correspondence pertaining to SyQwest Inc.

9. Any records, documents, materials, receipts, or correspondence pertaining to Michael David Brookshire, Gregg Lyell, James Mansaray, and Charles Lebbie.

10. Any and all items and/or documents that would tend to identify persons who acted as facilitators or co-conspirators in acts of fraud and related activity in connection with wire fraud and/or money laundering including, but not limited to, pictures and/or photographs depicting an association with co-conspirators, financial documents, correspondence, vehicle registration/title document, telephone answering device tapes, and billing records for telephones, cellular telephones, and paging devices.

11. Cash, precious metals, gold, diamonds, gift cards and gift certificates, whether in physical or digital form.

12. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1956-57 (Money Laundering).

13. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1956-57 (Money Laundering).

14. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant:

    a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

    b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    f. evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    i. contextual information necessary to understand the evidence described in this attachment;

    j. volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer;

    k. any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1956-57 (Money Laundering);

    l. items otherwise described above in paragraphs 1-11 of this Attachment B.

<u>DEFINITIONS:</u>

15. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

16. As used above, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.